IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. TAYLOR and WILLIAM BROWN | : | |
|     Plaintiffs, | | |
| | : | |
|     v. | | |
| | | |
| AMERICAN POSTAL WORKERS | : | |
| UNION *AFL-CIO National*; AMERICAN | | CIVIL ACTION |
| POSTAL WORKERS UNION | | NO. 15-4873 |
| *AFL-CIO* PHILADELPHIA, PA AREA | : | |
| LOCAL 89; NICHOLAS J. CASSELLI, | | |
| *President*; BLAIR E. LAWRENCE, | | |
| Treasurer; GWENDOLYN IVEY, Former | : | |
| President; and, STACEY FRANKLIN, | | |
| Former Treasurer | | |
|     Defendants. | : | |

Jones, II      J.                                                    December 2, 2016

<u>**MEMORANDUM**</u>

## I.      INTRODUCTION

Pending before the court are Defendants American Postal Workers Union, AFL-CIO, Philadelphia, PA Area Local 89, Nicholas J. Casselli, Blair E. Lawrence, Gwendolyn Ivey, and Stacey Franklin's (collectively referred to herein as "APWU Local") Motion to Dismiss, Motion to Strike, or in the Alternative, Motion for Summary Judgment (Defs.' Mot. Dismiss, ECF No. 62), and Defendant American Postal Workers Union, AFL-CIO National's ("APWU National") Motion to Dismiss (Def.'s Mot. Dismiss, ECF No. 63).

For the reasons set forth below, Defendant APWU Local's Motion to Dismiss shall be denied and its Motion to Strike shall be granted, but only to the extent that it pertains to

1

removing the individually-named defendants from the caption of Plaintiffs' Third Amended Complaint.  Defendant APWU National's Motion to Dismiss shall be granted.

## II.     BACKGROUND

Plaintiffs David Taylor and William Brown are employees of the United States Postal Service. They filed their original Complaint, *pro se*, on August 28, 2015, using the Non-Prisoner Form provided by the Clerk of the Court for *pro se* litigants.  In said Complaint, Plaintiffs appeared to have alleged—albeit unclearly—that Defendant APWU Local violated various provisions of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 401–531, by increasing its members' union dues without following the proper procedures mandated therein. Defendants APWU Local and APWU National filed a Joint Motion to Dismiss on December 23, 2015 and this Court entered an Order granting said Motion, dismissing Plaintiffs' Complaint without prejudice, and granting Plaintiffs leave to amend.[1] (ECF Nos. 30, 40.)

Plaintiffs filed an Amended Complaint on April 4, 2016, again using the form for *pro se* litigants. (ECF No. 44.) On April 13, 2016, this Court entered an Order striking Plaintiffs' Amended Complaint from the record because its caption failed to accurately identify each of the Defendants being sued.[2] (ECF No. 47.) Plaintiffs were directed to file an Amended Complaint with a corrected caption on or before April 27, 2016. (ECF No. 47.)

---

[1] This Court's March 9, 2016 Order noted that the Complaint filed on August 28, 2015 is nearly unintelligible. (ECF No. 40 n.2.)  Therefore, Plaintiffs were directed to ensure that their Amended Complaint complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. (ECF No. 40, ¶ 1.)
[2] The caption on Plaintiffs' Amended Complaint failed to comply with Rule 10(a) of the Federal Rules of Civil Procedure by containing "et al." (ECF  No. 44; ECF  No. 47 n.1.) The list of Defendants in the caption also conflicts with Subsection I.B. of the form, wherein Plaintiffs reference Defendants not listed in the caption. (Am. Compl. 2, ECF No. 44; Order 1 n.1, ECF No. 47.)

On April 18, 2016, Plaintiffs filed their Second Amended Complaint.  In an Order dated June 9, 2016, this Court concluded—for the third time—that Plaintiffs' pleadings failed to comply with the Federal Rules of Civil Procedure.[3] (ECF No. 59 n.1.) The claims Plaintiffs attempted to assert therein were unclear and failed to specify the parties against whom each claim was made. (ECF No. 59 n.1.) Thus, this Court "provided [Plaintiffs] with one final opportunity to amend their Complaint in accordance with appropriate pleading standards." (ECF No. 59 n.1.)

Accordingly, Plaintiffs filed their Third Amended Complaint on June 21, 2016. Therein, they claim to be members in good standing of Defendant APWU Local and argue that Defendant APWU Local "repeatedly increas[ed] members [sic] union dues without following the proper voting and notice procedures required by the LMRDA." (Third Am. Compl. ¶¶ 6–9, 23–24.) Plaintiff Taylor "became aware" of the alleged violation in May 2015, after learning from the Office of Labor Management Standards the ways in which labor organizations can increase members' dues without violating the LMRDA. (Third Am. Compl. ¶¶ 9–10.) However, the alleged improper increase in union dues that compelled Plaintiff Taylor to inquire about such procedures occurred on February 19, 2015.[4] (Third Am. Compl. ¶ 9; Pls.' Mem. Supp. Obj. 5, ECF No. 64.)

---

[3] This Court also noted that Plaintiffs' Second Amended Complaint failed to dispose of three other potentially fatal issues: (1) whether Plaintiffs filed their original Complaint before the applicable statute of limitations had expired; (2) whether Plaintiffs exhausted the administrative remedies available to them prior to commencing this suit in federal court; and (3) whether Plaintiffs were union members in good standing and therefore had the right to bring the claims in their Second Amended Complaint. (ECF No. 59 n.1.)

[4] In Plaintiffs' Memorandum of Law in Support of Their Objection to Defendants' Motion to Dismiss, Plaintiffs make clear that the alleged injury that serves as the basis for their Third Amended Complaint took place on February 19, 2015. (Pls.' Mem. Supp. Obj. 5, ECF No. 64.) Then, in May 2015, they learned that the procedure by which APWU Local facilitated the February 2015 dues increase potentially violated the LMRDA. (Pls.' Mem. Supp. Obj. 5.)

On May 23, 2015, Plaintiffs and several other APWU Local members requested access to "the 'books and receipts' of [APWU Local's] annual report" by sending a letter to Defendant Casselli at Defendant APWU Local's address. (Third Am. Compl. ¶ 11, Ex. A.) Plaintiff Taylor then called Defendant APWU National several times, from the beginning of June 2015 through the end of July 2015, leaving voice mail messages regarding his concerns about the alleged improper increase in union dues. (Third Am. Compl. ¶ 12.) Roosevelt Stewart, Sr., Defendant APWU National's Executive Assistant to the Secretary-Treasurer, called Plaintiff Taylor on July 23, 2015 to tell him that he was "looking into the issue." (Third Am. Compl. ¶ 13.) Plaintiff Taylor called Stewart again on August 5, 2015 to ask about the progress of Stewart's investigation but was unable to reach him. (Third Am. Compl. ¶ 14.) Stewart did not return Taylor's phone call. (Third Am. Compl. ¶ 15.) Rather, later that day, Stewart forwarded Defendant APWU Local's Constitution to Plaintiff Taylor via e-mail. (Third Am. Compl. ¶ 15.) Defendant APWU National's Constitution and Bylaws, however, were never sent to Plaintiffs. (Third Am. Compl. ¶ 17.) On November 19, 2015, Defendant APWU Local invited its union members to retroactively vote on and approve the February 2015 dues increase that is the focal point of Plaintiffs' Third Amended Complaint. (Third Am. Compl. ¶ 20, Ex. B.)

## III.   STANDARDS OF REVIEW[5]

### A.   Rule 12(b)(6): Failure to State a Claim

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). However, complaints that contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.   Rule 12(f):  Motion to Strike

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).  Although motions to strike are not particularly favored, they are warranted

---

[5]   Although all Defendants summarily indicate that they are seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1), they fail to provide the court with any briefing on the issue.  This Court notes that failure to exhaust administrative remedies and untimeliness defenses are not grounds for dismissal of a complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87–89 (3d Cir. 1999). Instead, such defenses constitute possible grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.*

when a plaintiff's "allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009). "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (quoting *Snare & Triest Co. v. Friedman*, 169 F. 1, 6 (3d Cir. 1909)).

## IV.   DISCUSSION

### A.   APWU Local's Motion to Dismiss

#### i.   Statute of Limitations

As a preliminary matter, this Court notes that Plaintiffs neglect to allege with specificity which provisions of the LMRDA Defendants violated. *See* Third Am. Compl. ¶ 9 (claiming that "Defendant APWU-Local violated the [LMRDA] . . . by repeatedly increasing members [sic] union dues without following the proper voting and notice procedures required by the LMRDA."). However, when read in their entirety, the facts pleaded in Plaintiffs' Third Amended Complaint indicate that their claim is based upon § 101(a)(3)(A) of the LMRDA, 29 U.S.C. § 411(a)(3)(A).[6]  The validity of that claim involves a federal question, which vests

---

[6] Said provision reads as follows:

> Except in the case of a federation of national or international labor organizations, the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except--
>
> > (A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot . . .

29 U.S.C. § 411 (a)(3).

subject-matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331. Furthermore, § 102 of the LMRDA provides that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in . . . the district court of the United States for the district where the alleged violation occurred . . . ." 29 U.S.C. § 412.

Defendant APWU Local argues Plaintiffs' claim is time-barred. However, because Plaintiffs originally filed their first Complaint before the applicable two-year statute of limitations[7] expired, their Third Amended Complaint is not time-barred.

Title I of the LMRDA does not contain an express statute of limitations. *Reed v. United Transp. Union*, 488 U.S. 319, 319 (1989). District courts handling claims brought under Title I of the LMRDA must therefore "apply the most closely analogous statute of limitations under state law." *Id.* at 323 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983)). However, the Supreme Court has "recognized a closely circumscribed exception to the general rule that statutes of limitation are to be borrowed from state law." *Id.* at 324. Courts can "decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Id.* (quoting *DelCostello*, 462 U.S. at 172).

Defendants argue that Plaintiffs' LMRDA claim is governed by a six-month statute of limitations and is therefore time-barred. (Defs.' Br. Supp. Mot. Dismiss 9, ECF No. 62-1; Def.'s Mem. Supp. Mot. Dismiss 9, ECF No. 63-2). In support of their contention, Defendants rely

---

[7] In a previous Order dated June 9, 2016, this Court erroneously determined that the applicable statute of limitations for Plaintiffs' claim was six (6) months. (ECF No. 59 n.1.) However, inasmuch as Plaintiffs were unable to exhaust APWU Local's internal administrative procedures (as discussed herein below), their claim is not time-barred.

upon two cases—both of which employed the exception to the borrowing rule discussed above: *Local Union 1397, United Steelworkers of Am.*"AFL-CIO" *v. United Steelworkers of Am. "AFL-CIO"*, 748 F.2d 180 (3d Cir. 1984) and *Scott v. Local 863, Int'l Bhd. of Teamsters*, 725 F.2d 226, 228–29 (3d Cir. 1984). (Defs.' Br. Supp. Mot. Dismiss 9; Def.'s Mem. Supp. Mot. Dismiss 9.) Neither case is applicable to the matter presently before this Court.

The United States Supreme Court "expressly rejected the rationale underlying [the Third Circuit Court of Appeals'] decision in *Local 1397* where [it] held that the [National Labor Relations Act's ("NLRA")] six-month limitations period should apply to a [§ 102] LMRDA claim because dissension within a union naturally affects the union's activities and effectiveness in the collective bargaining arena." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 330–31 (1989)).[8] *Scott* involved the application of the six-month statute of limitations from § 10(b) of the NLRA to a hybrid § 301/fair representation claim brought under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, whereas Plaintiffs' Third Amended Complaint herein alleges a violation of § 101(a)(3)(A) of the LMRDA. In *Reed*, the Supreme Court declined to "borrow" the NLRA's six-month statute of limitations for a § 101(a)(2) LMRDA claim, but upheld the validity of its decision in *DelCostello* to apply that six-month limitations period to a hybrid § 301/fair representation LMRA claim—the type of claim at issue in *Scott*, 725 F.2d at 228. Therefore, *Scott* does not control this Court's decision regarding which limitations period governs Plaintiffs' LMRDA claim.

---

[8] In *Brenner*, the Third Circuit Court of Appeals acknowledged that it was bound to re-examine a case it decided based on its reasoning in *Local 1397* because its analysis regarding the application of the narrow exception to the barrowing rule in *Local 1397* was expressly rejected by the Supreme Court in *Reed*. *Brenner*, 927 F.2d at 1295.

In turn, this Court must apply the limitations period from the most analogous claim under Pennsylvania law for two reasons. First, none of the exceptions to the borrowing rule[9] are applicable to claims alleging improper increases in union dues in violation of § 101(a)(3)(A) of the LMRDA. Second, it appears that no courts in the Eastern District of Pennsylvania, or elsewhere in the Third Circuit, have concluded otherwise.[10]

"Title I of the LMRDA is referred to as the 'Member's Bill of Rights.'" *Morris v. Hoffa*, 361 F.3d 177, 191 (3d Cir. 2004) ) (citing *Farrell v. Int'l Brhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. (Airline Div.)*, 888 F.2d 459, 461 (6th Cir. 1989)). Since its inception, "various amendments were adopted, all aimed at enlarged protection for members of unions paralleling certain rights guaranteed by the Federal Constitution [.]" *Ross v. Hotel Emps. & Rest. Emps Int'l Union*, 266 F.3d 236, 246 (3d Cir. 2001) (citing *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 352 (1998)).

It is well settled that claims arising "from breach of a statutory duty rather than breach of a contractual promise" sound "in tort rather than contract." *Harrison v. Am. Fed'n of Labor &*

---

[9] Federal courts presented with a cause of action brought under a federal law that lacks an expressed limitations period must apply the limitations period from the most analogous state-law claim, unless a different federal law with an expressed statute of limitations is more analogous, better addresses the federal policies implicated by the claim, or accommodates the practicalities of litigating the claim more effectively. *See Reed*, 488 U.S. at 334 (concluding that "[n]one of the exceptions to [the borrowing] rule apply, for § 10(b) of the NLRA does not supply a more analogous statute; its 6-month limitations period is not better suited to the practicalities of § 101(a)(2) litigation; and it was not designed to accommodate federal policies similar to those implicated in § 101(a)(2) actions.").

[10] A six-year statute of limitations has been applied in this District for claims involving the interference with business associational ties under Pennsylvania law to a claim made under § 101(a)(3) of the LMRDA. *Taschner v. Hill*, 589 F. Supp. 127, 131 (E.D. Pa. 1984) (citing 42 Pa. C.S.A. § 5527; *Harrison v. Am. Fed'n of Labor*, 452 F. Supp. 102, 106–07 (E.D. Pa. 1978)). However, the § 101(a)(3) claim in *Taschner* alleged that the plaintiff's union failed to process her grievance against her employer in retaliation for her supporting union office candidates that were advocating for reform. *Taschner*, 589 F. Supp. at 128. The claim had nothing to do with union dues or fees, so it did not implicate the specific provision of the LMRDA (i.e., § 101(a)(3)(A)) at issue here.

*Cong. of Indus. Orgs.*, 452 F. Supp. 102, 105 (E.D. Pa. 1978). Civil rights claims brought under 42 U.S.C. § 1983 (which also lacks a limitations period) are governed by state personal injury statutes of limitation because such claims are analogous to various state-law tort / personal injury claims. *E.g., Reed*, 488 U.S. at 326-27 (citing *Owens v. Okure*, 488 U.S. 235 (1989); *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987); *Wilson v. Garcia*, 471 U.S. 261 (1985)). Thus, for purposes of assigning a statute of limitation, Plaintiffs' § 101(a)(3)(A) claim is analogous to personal injury claims made pursuant to Pennsylvania law.[11]

Plaintiffs Taylor and Brown filed their Third Amended Complaint against APWU Local, not their employer. As such, their claim is based solely on an internal union dispute and is "not directly related in any way to collective bargaining or dispute settlement under a collective-bargaining agreement." *Reed*, 488 U.S. at 330. The federal policies at play here do not require this Court to make an exception to the borrowing rule.

Similarly, the practicalities of litigating Plaintiffs' § 101(a)(3)(A) claim do not compel this Court to stray from the requirements of the borrowing rule. The limitations period for personal injury claims under Pennsylvania law is sufficiently long to allow plaintiffs bringing such claims to identify their injury, decide to bring suit against the union, and find an attorney. *See Reed*, 488 U.S. at 327. Defendants have offered no reasons, and there appear to be none, as

---

[11] Although not binding upon this Court, the Second Circuit Court of Appeals similarly refused to borrow the six-month limitations period from the NLRA and applied a three-year statute of limitations for personal injury claims brought under New York law to a § 101(a)(3) LMRDA claim. *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1107–08 (2d Cir. 1991), *cert. denied*, 502 U.S. 910 (1991) (holding that "[t]he rationale of *Reed*—that a claim under Title I of the LMRDA does not directly challenge the stable relationship between the employer and the union . . . and therefore is not subject to the NLRA limitations period—applies to this case, in which appellants' Title I claim stems from an internal union dispute which has little direct, destabilizing effect on the relationship between" the employer and the union).

to why the statute of limitations for personal injury claims brought under Pennsylvania law conflicts with the practicalities of litigating Plaintiffs' § 101(a)(3)(A) LMRDA claim.

Consequently, none of the exceptions to the borrowing rule apply to Plaintiffs' claim. Pennsylvania's two-year limitations period for personal injury claims, 42 Pa. C.S.A. § 5524, is applicable because those claims are the most analogous state-law claims to Plaintiffs' § 101(a)(3)(A) LMRDA claim. Furthermore, because APWU Local's increase in union dues that allegedly violated § 101(a)(3)(A) of the LMRDA occurred on February 18, 2015, and Plaintiffs' original Complaint (Compl., ECF No. 1) was filed on August 28, 2015, Plaintiffs' Third Amended Complaint is not time-barred.

### ii. Failure to Exhaust Administrative Remedies

There is no question that Plaintiffs herein failed to exhaust APWU Local's administrative remedies before seeking judicial relief in this Court. Nevertheless, their failure to exhaust must be excused.

A district court judge has discretion in determining whether a LMRDA claim should be dismissed for a union member's failure to exhaust administrative remedies for a period of time of not more than four months. 29 U.S.C. § 411(a)(4); *Mallick v. Int'l Bhd. of Elec. Workers*, 644 F.2d 228 (3d Cir.1981); *Pawlak v. Greenawalt*, 628 F.2d 826 (3d Cir.1980); *Taschner v. Hill*, 589 F. Supp. 127, 131 (E.D. Pa. 1984). The following reasons have been deemed valid justifications for waiving the LMRDA's exhaustion requirement: "[w]hen plaintiffs will suffer irreparable harm in their jobs, or in the exercise of rights guaranteed to them under the LMRDA[;] . . . when the internal appeals structure is inadequate or illusory, or is controlled by those to whom the plaintiff is opposed[; or] . . . where the union has consistently taken a position opposed to that of the plaintiff and makes no indication that it will alter its views." *Semancik v.*

11

*United Mine Workers of Am. Dist. #5*, 466 F.2d 144, 150–51 (3d Cir. 1972). In exercising that discretion, however, the trial judge must balance the presence of the aforementioned conditions against the expressed congressional policy in favor of union self-government contained within § 101(a)(4) of the LMRDA.

In this case, it is alleged that APWU Local's unilateral dues increase violated a right guaranteed to Plaintiffs under the LMRDA. Additionally, APWU Local and APWU National have taken positions opposed to that of the Plaintiffs and have made no suggestion that they will alter their views. Perhaps most importantly, though, APWU Local and APWU National's internal appeals structure arguably appears to be illusory and is allegedly controlled by the union officers whose actions caused the allegedly illegal dues increase. *See Taschner v. Hill*, 589 F. Supp. 127, 130 (E.D. Pa. 1984) (court refused to dismiss a plaintiff's complaint for seeking judicial relief before exhausting internal union procedures because: the plaintiff's local union denied the grievance she filed against her employer on grounds that were not provided for in the collective-bargaining agreement or her employer's policies; the union then denied the plaintiff's request to have her grievance arbitrated; and, the union dismissed charges the plaintiff filed pursuant to the union's constitution against one of the local union's officers); *see also Semancik*, 466 F.2d at 150–51 (district court's refusal to require union members to exhaust internal appeals before seeking judicial relief was affirmed because: the incumbent local union officers imposed disciplinary sanctions against the plaintiffs for supporting an insurgent regime seeking to be elected to the incumbent officers' positions during their campaign; the incumbent officers inhibited plaintiffs' freedom of speech with respect to union matters—a right provided by § 101(a)(2) of the LMRDA—by imposing the disciplinary actions; and, the appeals structure

stipulated by the union's constitution precluded plaintiffs from securing an impartial forum to vindicate their rights).

Assuming as it must that all facts alleged by Plaintiffs are true, this Court finds Plaintiffs are excused from having to exhaust their administrative remedies.  Plaintiffs assert that Defendant APWU Local unilaterally increased its members' dues on February 19, 2015, without conducting a secret ballot vote of the members in good standing. (Third Am. Compl. ¶ 9, ECF No. 61; Pls.' Mem Supp. Obj. 5, ECF No. 64.) If proven, this conduct violated Plaintiffs' right to vote on dues increases—a right guaranteed by § 101(a)(3)(A) of the LMRDA. 29 U.S.C. § 411(a)(3)(A). After Plaintiffs discovered the alleged violation, Plaintiff Taylor contacted the officers of Defendants APWU Local and APWU National on six (6) occasions, from May 23, 2015 through August 5, 2015, specifically complaining about the increase in their union dues. (Third Am. Compl. ¶¶ 11–15; Pls.' Mem Supp. Obj. 7.) Plaintiff Taylor's efforts were hindered by Defendants' non-responsiveness and delay.  (Third Am. Compl. ¶ 15; Pls.' Mem Supp. Obj. 7.) Inasmuch as Plaintiffs made their discontent with the dues increase known to representatives from both APWU Local and APWU National, and the internal appeals structure "is controlled by those to whom the [P]laintiff[s] [are] opposed," it was essentially an illusory process. *Semancik*, 466 F.2d at 151.

Defendant APWU Local has also "consistently taken a position opposed to that of the [P]laintiff[s] and makes no indication that it will alter its views." *Id.* APWU Local failed to respond to Plaintiffs' letter, in which they, along with twelve (12) additional union members, requested access to its "books and receipts." (Third Am. Compl. ¶ 11, Ex. A.) APWU National also failed to respond to several of Taylor's calls in the two (2) months following the date on which he sent that letter. (Third Am. Compl. ¶ 12.) Then, on November 19, 2015, APWU Local

held a vote at its General Membership Meeting to retroactively approve its unilateral increase in dues that occurred on February 19, 2015. (Third Am. Compl. ¶ 20, Ex. B.) APWU Local and APWU National's refusal to even discuss with Plaintiffs Taylor and Brown their concerns regarding the allegedly illegal dues increase represents a position opposed to that of Taylor and Brown. Furthermore, APWU Local's attempt to retroactively approve the dues increase indicates that Defendants will not alter their views. Accordingly, Plaintiffs' claims shall not be dismissed on the basis of an alleged failure to exhaust.

### iii. Plaintiffs' Third Amended Complaint Complies with Minimum Pleading Standards

Defendant APWU Local further maintains that the pleadings contained within Plaintiffs' Third Amended Complaint are deficient under Rules 8 and 10 of the Federal Rules of Civil Procedure. Although *pro se* Plaintiffs Taylor and Brown fail to allege which specific LMRDA provision APWU Local allegedly violated, the facts they plead, if true, are sufficient to show they could potentially be entitled to relief under § 101(a)(3)(A). Moreover, even though Plaintiffs' Third Amended Complaint technically fails to comply with Rule 10(a), it does provide Defendants with fair notice of their claim.

When resolving motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers."). *Pro se* claims may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (quoting *Haines*, 404 U.S. at 520) (internal quotations omitted).

Plaintiffs herein allege "that Defendant APWU Local violated the [LMRDA] by repeatedly increasing members [sic] union dues without following the proper voting and notice procedures required [thereby], including but not limited to an increase in February 2015." (Third Am. Compl. ¶ 9.) They also allege that they are members in good standing of APWU Local and had been for more than twenty (20) years before the dues increase occurred and their Third Amended Complaint was filed. (Third Am. Compl. ¶¶ 6, 8.)  As previously referenced, the allegations set forth in Plaintiffs' Third Amended Complaint could plausibly entitle them to relief under § 101(a)(3)(A) of the LMRDA.

Additionally, although the caption on Plaintiffs' Third Amended Complaint fails to comply with Fed. R. Civ. P. 10(a) by conflicting with the allegations therein,[12] that non-conformance is not sufficient to warrant dismissal.[13] Again, courts must construe *pro se* pleadings liberally. *McDowell*, 88 F.3d at 189. One of the fundamental requirements of a complaint is that it provides a defendant with fair notice of the claims against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Notwithstanding Plaintiffs' non-compliance in this case, their Third Amended Complaint gives Defendants fair notice of the claim and against whom the claim is made.

---

[12] The caption on Plaintiffs' Third Amended Complaint lists as Defendants to this action: APWU National, APWU Local, Nicholas J. Casselli, Blair E. Lawrence, Gwendolyn Ivey, and Stacey Franklin. (Third Am. Compl. 1.) The body of the Third Amended Complaint, however, only alleges that APWU National and APWU Local engaged in illegal activities. (Third Am. Compl. ¶¶ 1–29.)

[13] In its Order dated April 13, 2016, this Court granted Plaintiffs leave to file "an Amended Complaint with a caption that accurately identifies each of the specific defendants being sued in this matter." (Order, ECF No. 47.) However, Plaintiffs' Third Amended Complaint's non-conformance with Fed. R. Civ. P. 10(a) does not necessarily compel this Court to dismiss Plaintiffs' action.

### C.   APWU Local's Motion to Strike

#### i.   Punitive Damages

Section 102 of the LMRDA provides that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action . . . for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. Congress declined to specify the remedies available for LMRDA claims in  § 102 because it "wished to avoid the 'danger that those remedies not listed might [thereby] be proscribed with the result that the courts would be fettered in their efforts to grant relief according to the necessities of the case.'" *Bollitier v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 735 F. Supp. 612, 620 (D. N.J. 1989) (quoting *Hall v. Cole*, 412 U.S. 1, 11 (1973)) (alteration in original). Therefore, punitive damages are available, in appropriate cases, for violations of § 101 LMRDA rights. *Bollitier*, 735 F. Supp. at 620.

Defendant APWU Local argues that punitive damages are not an "appropriate" form of relief for any claims brought under the LMRDA but fails to cite any precedential authority to support its assertion.  (Def.'s Br. Supp. Mo. Dismiss 15, ECF 62-1.)  The Third Circuit Court of Appeals specifically declined to decide whether punitive damages are available in LMRDA actions.  *Knight v. Int'l Longshoremen's Ass'n*, Nos. 10-3426, 10-3486, 2013 U.S. App. LEXIS 10984, at *5 (3d Cir. May 31, 2013).  However, several other circuit courts, have determined that awards of punitive damages are acceptable under the LMRDA. *See, e.g., Petramale v. Local No. 17 of Laborers' Int'l Union of N. Am.*, 847 F.2d 1009, 1013–14 (2d Cir. 1988) (confirming the availability of punitive damage awards for LMRDA claims, as long as such an award is not large enough to preclude a union from being able to represent its members); *Quinn v. DiGiulian*, 739 F.2d 637, 651 (D.C. Cir. 1984) (holding that punitive damage awards are available under § 102

16

of the LMRDA, but only in the most egregious cases because such awards have detrimental effects on the viability of unions as collective bargaining units). As such, Defendant APWU Local's Motion to Strike Plaintiffs' demand for punitive damages shall be denied at this preliminary stage of the proceedings.

### ii. The Names of APWU Local's Officers Listed as Defendants in the Caption on Plaintiffs' Third Amended Complaint

Because Plaintiffs Taylor and Brown make no claims against Defendants Casselli, Lawrence, Ivey, and Franklin but continue to list their names in the caption on their Third Amended Complaint, the same shall be stricken in accordance with Rule 12(f) of the Federal Rules of Civil Procedure. Accordingly, Defendant APWU Local's Motion to Strike shall be granted to the extent that it requests this Court to remove the aforementioned individuals from the caption on Plaintiffs' Third Amended Complaint.

### D. APWU National's Motion to Dismiss

In Count II of Plaintiffs' Third Amended Complaint, Plaintiffs allege that APWU National is "responsible for the activities of AWPU-Local by respondeat superior." (Third Am. Compl. ¶ 28, ECF No. 61.) However, international unions are not liable for their local affiliates' allegedly illegal conduct, unless the international union "instigate[s], support[s], ratif[ies], or encourage[s]" such conduct. *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1288 (3d Cir. 1991) (citing *Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 218 (1979)).

Although Plaintiffs Taylor and Brown contacted APWU National several times to complain about APWU Local's allegedly illegal dues increase, they do not argue that APWU National instigated, supported, ratified, or encouraged that conduct in any way. Their Third Amended Complaint merely suggests that AWPU National's knowledge of APWU Local's

conduct is sufficient to hold APWU National liable therefor. That argument, however, was expressly rejected by the Third Circuit. *Brenner*, 927 F.2d at 1288–89. Thus, Defendant APWU National's Motion to Dismiss Count II of Plaintiffs' Third Amended Complaint shall be granted.

## V.     CONCLUSION

For the reasons set forth herein, Defendant APWU Local's Motion to Dismiss shall be denied, their Motion to Strike shall be granted in part and denied in part, and Defendant APWU National's Motion to Dismiss shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II    J.