# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. TAYLOR | : | |
|     Plaintiff, | | |
| | | |
| v. | : | CIVIL ACTION |
| | | NO. 15-4873 |
| AMERICAN POSTAL WORKERS UNION | | |
| *AFL-CIO* PHILADELPHIA, PA | : | |
| AREA LOCAL 89 | | |
|     Defendant. | | |

## MEMORANDUM

**JONES, II    J.**                                                                                   October 8, 2019

## I.    INTRODUCTION

Pending before the court is Defendant American Postal Workers Union, AFL-CIO, Philadelphia, PA Area Local 89's ("APWU Local") Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendant's Motion shall be treated as one for summary judgment and for the reasons that follow, shall be granted in part and denied in part.

## II.    BACKGROUND

### A.    Procedural History

Proceeding *pro se*, Plaintiff filed his original Complaint on August 28, 2015. After several rounds of motions to dismiss, Plaintiff filed a Third Amended Complaint in June 2016. Defendants[1] subsequently filed a Motion to Dismiss, Motion to Strike, or in the Alternative, Motion for Summary Judgment. This Court granted one portion of Defendants' Motion, resulting in dismissal of all individually-named defendants and APWU National from the case.

---

[1] The original named Defendants in this action were the APWU National, APWU Local, Nicholas J. Casselli, Blair E. Lawrence, Gwendolyn Ivey, and Stacey Franklin.

After engaging in protracted discovery and mediation proceedings, Plaintiff motioned for leave to file yet another Amended Complaint on September 4, 2018. Said Motion was assigned to United States Magistrate Judge Lynne A. Sitarski for disposition, and because Defendant did not oppose Plaintiff's Motion, Judge Sitarski granted Plaintiff leave to amend. Plaintiff's Fourth Amended Complaint was filed of record, followed by the instant Motion to Dismiss for failure to state a claim "pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 56." (Def.'s Br. Supp. Mot. Dismiss 1, ECF No. 129-1.) Defendant's Brief also contains a Motion to Strike Punitive Damages. (Def.'s Br. Supp. Mot. Dismiss 18-20.)

**B.     Factual History**

Plaintiff is an employee of the United States Postal Service and a member of the APWU Local. (SUF ¶ 1; CSUF ¶ 1.) The Constitution and Bylaws of the American Postal Workers Union AFL-CIO, as amended July 25, 2014, provide in pertinent part that "All locals and area locals will be members of their APWE state organization under the criteria established by the respective state constitution." (Def.'s Mot. Summ. J. Ex. B, Art. 20, § 1.) The constitution applicable to the American Postal Workers Union Philadelphia PA Area Local, AFL-CIO provides in pertinent part that "[t]his local Union shall meet on the third Thursday of each month, except July, August and December, at such time and place as the Executive Board may decide." (Def.'s Mot. Summ. J. Ex. A, Art. XIII, § 1.)[2] Said constitution further provides that "[w]henever the financial need arises, a dues increase will be recommended by the Executive Board and must be approved by a majority vote by secret ballot at a general membership

---

[2]   The court notes that Plaintiff has attached portions of this constitution as an exhibit in opposition to summary judgment; however, the relevant portions cited above have been omitted by Plaintiff. (Pl.'s Opp. Summ. J. Ex. A.)

meeting. Such action must be in compliance with the Landrum-Griffin Law." (Def.'s Mot. Summ. J. Ex. A, Art. XII, § 3.)

On February 19, 2015, at a general meeting held on the third Thursday of the month,[3] a vote by secret ballot was held to increase Union dues by $2.00 per pay period. (Def.'s Mot. Summ. J. Ex. E.) On March 11, 2015, a letter was sent to all Union members informing them of the dues increase. (Def.'s Mot. Summ. J. Ex. E.) Plaintiff commenced a civil action in this Court on or about August 28, 2015, challenging the February 19, 2015 dues increase on the bases of lack of notice to the Union members and improper voting procedures. (SUF ¶ 8; CSUF ¶ 8.) On or about October 29, 2015, the Union sent out a letter informing members that on November 19, 2015, at the next General Membership Meeting, the Union would be voting on the previously approved dues increase of two dollars ($ 2.00) per pay period, retroactive to U.S. Postal Pay Period 07-2015. (SUF ¶ 11, Ex. F; CSUF ¶ 11.)

Since commencing suit four years ago, the parties have engaged in extensive motion practice and Plaintiff has amended his Complaint numerous times. Currently, Count 1 of Plaintiff's Fourth Amended Complaint sets forth a claim for the "Violation of Labor Management Reporting and Disclosure Act Definitions Section 3(k) Secret Ballot by APWU-Local." Count 2 sets forth a claim for the "Violation of Labor Management Reporting and Disclosure Act Title I. Bill of Rights Section 101(a)(3)(A) by APWU-Local." (Fourth Am. Compl. 4-5.)

---

[3] This Court takes judicial notice of the fact that February 19, 2015 was the third Thursday of the month. *See* www/timeanddate.com/calendar (last visited October 3, 2019).

## III.     STANDARD OF REVIEW

As noted above, Defendant has filed the instant Motion as one for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, one for summary judgment pursuant to Fed.R.Civ.P. 56. Rule 12(d) of the Federal Rules of Civil Procedure requires a motion to dismiss to be converted to one for summary judgment if a court considers matters outside the pleadings. When reviewing a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (internal citations omitted). Courts "may consider 'legal arguments presented in memorandums or briefs and arguments of counsel' when deciding a Rule 12(b)(6) motion to dismiss without invoking Rule 56 summary judgment." *Fastener Sys. v. MBNA Am.*, 48 F. App'x 418, 420 (3d Cir. 2002) (quoting *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002)). Additionally, the court may consider documents attached to the Complaint without converting a motion to dismiss into one for summary judgment. *Pryor*, 288 F.3d at 560.

In this case, exhibits were relied upon that were not referenced in, or attached to, Plaintiff's Fourth Amended Complaint, and were not of public record. As such, this Court gave Plaintiff notice that the motion was being treated as one for summary judgment, and provided him with additional time to respond to the motion as such. (ECF No. 138.) Plaintiff has done so. (ECF No. 142.)

Under Rule 56(a) of the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "At the summary judgment stage of proceedings, courts do not 'weigh the evidence or make credibility determinations,' but, instead, leave that task to the fact-finder at a later trial if the court denies summary judgment." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (quoting *Petruzzi's IGA Supermarkets v. Darling-Del. Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993)).

A party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record, which may include affidavits. *See* Fed. R. Civ. P. 56(c)(1). However, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)) (internal quotation marks omitted). Instead, an affiant must set forth specific facts that reveal a genuine issue of material fact. *Id*. If a party fails to properly address another party's assertion of fact, a court may consider the fact undisputed and grant summary judgment. *See* Fed. R. Civ. P.

56(e)(2)-(3); *see also Judge C. Darnell Jones II Chambers Policies and Procedures* (rev'd Dec. 2, 2016), http://www.paed.uscourts.gov/documents/procedures/jonpol.pdf ("The Court will not consider any description of a fact that is not supported by citation to the record. Statements of Material Facts in support of or in opposition to a motion for summary judgment must include specific and not general references to the parts of the record that support each of the statements, such as the title of or numbered reference to a document, the name of a deponent and the page(s) of the deponent's deposition, or the identity of an affidavit or declaration and the specific paragraph relied upon. Pinpoint citations are required.") With this standard in mind, this Court shall address each dispute in turn.

## IV. DISCUSSION

### A. Preliminary Matters

#### i. Paragraphs 21 & 22 of Plaintiff's Complaint

Paragraph 21 of Plaintiff's Fourth Amended Complaint alleges: "The Defendant APWU-Local while litigation expel Plaintiff by their continuance of their improper mechanism to increase Union dues on December 16, 2016 $31.75, and March 23, 2018 $32.58, see Exhibit D attached." (Fourth Am. Compl. ¶ 21.) Paragraph 22 states: "Defendant APWU-Local expel Plaintiff Taylor, by their purportedly and improperly secret ballot mechanism to increase dues as well as notices throughout Plaintiff membership from December 3, 1993 $16.09 to current." (Fourth Am. Compl. ¶ 22.) This Court finds that Paragraphs 21 and 22 of Plaintiff's Fourth Amended Complaint contain averments that are nearly unintelligible and *entirely conclusory*. To the extent the facts contained within Paragraphs 21 and 22 can be discerned, they are not supported by any evidence of record and shall not be considered for purposes of the instant assessment.

### ii. Statute of Limitations

As Defendant notes, this Court previously determined that Plaintiff's claim of a violation of § 101(a)(3)(A) of the LMRDA is governed by a two-year statute of limitations and therefore is not time-barred because Plaintiff's original Complaint was filed within that period. (Mem. 6-11, ECF No. 66.) Defendant, relying on its briefing from three years ago, once again asserts Plaintiff's claims are time-barred, yet provides no authority to demonstrate this Court's assessment of the issue in 2016 was incorrect. Moreover, inasmuch as this Court has already ruled that Paragraphs 21 and 22 of Plaintiff's Fourth Amended Complaint shall not be considered, the issue of timeliness is rendered moot.

### iii. Exhaustion of Administrative Remedies

Defendant's Brief in Support of its Motion to Dismiss next states that Defendant is entitled to either dismissal or summary judgment based on a theory that "Plaintiff failed to exhaust his administrative remedies." (Def.'s Br. Supp. Mot. Dismiss 13.) As a preliminary matter, this Court notes that it addressed this issue in the context of multiple motions to dismiss filed by both the individual defendants and the Unions. (Mem. 11-14, ECF No. 66.) Although circumstances have changed, the result remains the same: Plaintiff has not failed to exhaust his administrative remedies.

Defendant herein contends "a Union member must exhaust internal procedures before turning to federal court," and that "[r]equiring exhaustion is especially appropriate where the claims concern only internal Union affairs." (Def.'s Br. Supp. Summ. J. 13.) Article XIV of the APWU Local's Constitution states that "[a]ll charges of misconduct *against an officer or member of the Local* shall be processed in accordance with Article XV of the American Postal Workers Union ("APWU National"), AFL-CIO, National Constitution and By-laws." (Def.'s Br.

Supp. Summ. J. Ex. A, ECF No. 129-4) (emphasis added). Defendant presents a lengthy argument to demonstrate how Plaintiff did not proceed according to the procedures outlined in Article XV of the APWU National's Constitution. However, upon close inspection, it appears that the Union's internal requirements are not applicable to the instant matter. Plaintiff's claims are against the APWU Local in its entirety for the Union's overall failure to follow the LMRDA prior to conducting a vote on a dues increase. Plaintiff's Fourth Amended Complaint does not present any claims against individual Union members or officers of the APWU Local. Neither the APWU Local's nor APWU National's Constitutions provide internal remedies or procedures that a Union member must follow for this type of Union member grievance. As such, there was no internal procedure for Plaintiff to follow, and the court will therefore deny Defendant's Motion on this issue.

### B. Count I: Labor-Management Reporting Disclosure Act—Improper Procedures

Section 101(a)(3)(A) of the LMRDA provides that local Union dues may only be increased "(i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question., or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot." 29 U.S.C. § 411(a)(3)(A) (2018). Defendant argues that Plaintiff has improperly attempted to plead a violation under § 3(k) of the LMRDA.[4] (Def.'s Br. Supp. Summ. J. 8.) Section 3 of the LMRDA contains definitions for terms used in the statute and § 3(k), defining "secret ballot," does not, in and of itself, provide for a separate actionable claim. 29 U.S.C. § 402 (2018). However, Defendant argues that even assuming that Count 1 of

---

[4] The title of Count 1 is "Violation of Labor Management Reporting and Disclosure Act Definitions Section 3(k) Secret Ballot by APWU-Local." (Fourth Am. Compl. 4.)

Plaintiff's most recent Complaint asserts an actionable claim under § 101(a)(3)(A) of the LMRDA, the claim made therein is "duplicitous to the claim asserted in Count 2."[5] (Def.'s Br. Summ. J. 9.)

This Court finds that when read in its entirety, Plaintiff's general claim that Defendant improperly increased the member Union dues on February 19, 2015 is grounded upon two main arguments: (1) that an improper secret ballot voting procedure was used to vote on the dues increase; and, (2) that notice was not given to the APWU-Local members prior to the vote taking place. The first point is the subject of Plaintiff's Count 1,[6] while the second is the subject of Count 2.[7] Giving deference to Plaintiff's *pro se* status, this Court finds that each would constitute separate and distinct violations of § 101(a)(3)(A). Therefore, this Court rejects Defendant's assertion that Count 1 is duplicative of Count 2.

Defendant additionally argues that Count 1 does not state a claim because "Plaintiff's Fourth Amended Complaint remains devoid of factual allegations necessary to support his claim that the Union violated Section 101(a)(3)(A)." (Def.'s Br. Supp. Summ. J. 1.) Insofar as Count 1 attempts to assert a violation of § 101(a)(3)(A) by way of an improper secret ballot vote on February 19, 2015, this Court finds Plaintiff has not met his burden for defeating summary judgment. In Plaintiff's Fourth Amended Complaint, he alleges that Defendant violated various provisions of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29

---

[5] The Court surmises Defendant is attempting to assert here that the claims asserted in Count 1 are *duplicative* of those contained in Count 2.
[6] *See, e.g.,* Fourth Am. Compl. ¶ 24 (claiming that "Defendant APWU-Local has purportedly and improperly conducted the Secret Ballot to vote on dues increase [sic] without proper procedures required under the LMRDA").
[7] *See, e.g.,* Fourth Am. Compl. ¶ 30 (claiming that "APWU-Local routinely and improperly raised member's Union dues without proper notification or authorization as required by the LMRDA").

U.S.C. §§ 401–531, by increasing its members' Union dues without following the proper noticing and voting procedures mandated therein. Plaintiff avers that "Defendant APWU-Local expel [sic] Plaintiff by purportedly and improperly conducted [sic] the Secret Ballot at Defendant APWU-Local General Membership Meeting," and "Defendant APWU-Local expel [sic] Plaintiff by conducting a reoccurrence of their accustom [sic] purportedly and improperly [sic] mechanism 'Secret Ballot' to vote on the two dollars dues increase…and expel [sic] Plaintiff by preventing to observed [sic] the tally of 'SECRET BALLOTS'[.]" (Fourth Am. Compl. ¶¶ 8, 19.)

Putting aside the conclusory allegations set forth throughout Plaintiff's Fourth Amended Complaint, Plaintiff has not responded to the instant Motion with any evidence of record to demonstrate the truth of same. Instead, Plaintiff submits his own affidavit, which similarly provides conclusory statements without any meaningful reference to the record. As discussed above, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis*, 560 F.3d at 161 (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)) (internal quotation marks omitted). *See also Judge C. Darnell Jones II Chambers Policies and Procedures* (rev'd Dec. 2, 2016) ("The Court will not consider any description of a fact that is not supported by citation to the record."). Accordingly, summary judgment shall be granted as to Count I of Plaintiff's Fourth Amended Complaint.

### C. Count II: Labor-Management Reporting Disclosure Act—Notice

#### i. Certification

Count 2 of Plaintiff's Fourth Amended Complaint alleges that Defendant violated the LMRDA by failing to provide reasonable notice of the vote that was to take place on February 19, 2015 regarding dues increases to Union members. (Fourth Am. Compl. ¶¶ 5-6, 29-30.) Defendant asserts it should prevail on its Motion for Summary Judgment because prior to the general membership meeting on February 19, 2015, the APWU-Local did provide reasonable notice to the Union members that a vote to increase their dues by $2.00 would be taking place. In support of this contention, Defendant has submitted a Statement of Undisputed Material Facts wherein all but two of the facts cite to a "certification" signed by Nicholas Casselli,[1] President of the APWU-Local. (Def.'s Mot. Summ. J. Ex. D.) This "certification" is not an affidavit, nor does it state anything of substance; it is a verification that one might expect to find attached to a party's responses to interrogatories. Said certification consists only of a two-sentence statement: "I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." (Def.'s Mot. Summ. J. Ex. D.) This Court has not been presented with any "foregoing statements" by Mr. Casselli. Accordingly, Mr. Casselli's "certification," and all statements made by Defendant citing thereto, shall be stricken from Defendant's Motion for Summary Judgment and accompanying Statement of Undisputed Material Facts.

#### ii. Adequacy of Notice

The LMRDA Bill of Rights provides in pertinent part:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings,

>           *subject to reasonable rules and regulations in such organization's constitution and bylaws*.

29 USCS § 411(a) (emphasis added).

Defendant has submitted the Constitution for the national American Postal Workers Union AFL-CIO, which states in relevant part that "[a]ll chartered local, area locals, state and regional organizations shall have a constitution and bylaws*. In the absence of such constitution*, this constitution shall apply to the extent applicable."   (Def.'s Mot. Summ. J. Ex. B, Art. 16 § 6(a)) (emphasis added).   In this case, the Constitution of the American Postal Workers Union Philadelphia PA Area Local, AFL-CIO provides that the national American Postal Workers Union Constitution shall apply "in all matters *not expressly covered* by the Constitution of this Local."  (Def.'s Mot. Summ. J. Ex. A, Art. II § 6) (emphasis added).

The local constitution speaks to the issue of general membership meetings as follows: "This Local Union shall meet on the third Thursday of each month, except July, August and December, at such time and place as the Executive Board may decide."  (Def.'s Mot. Summ. J. Ex. B, Art. XIII § 1.)  With particular regard to Union dues increases, the local constitution expressly states "[w]henever the financial need arises, a dues increase will be recommended by the Executive Board and must be approved by a majority vote by secret ballot at a general membership meeting.  Such action *must be in compliance with the Landrum Griffin Law*."  (Def.'s Mot. Summ. J. Ex. B, Art. XII § 3) (emphasis added).  As discussed above, the Landrum-Griffin Act—also known of as the LMRDA—provides that local Union dues may only be increased "(i) *by majority vote by secret ballot of the members in good standing voting at a general* or special *membership meeting*, <u>*after reasonable notice of the intention to vote upon such question*</u>, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot." 29 U.S.C. § 411(a)(3)(A) (2018) (emphasis added).

Aside from his objection to Defendant's Exhibit D, Plaintiff provides this Court with an email thread dated September 9, 2015, containing communications between Union Attorney Nancy B.G. Lassen and Nicholas Casselli. (Pl.'s Opp. Summ. J. Ex. C.) In his email to Ms. Lassen, Mr. Casselli states that the February 2015 dues increase "was brought to the floor second [sic] discussed and accepted at a general membership meeting." (Pl.'s Opp. Summ. J. Ex. C.) Ms. Lassen responds: "Nick, federal law requires that specific notice be given to the membership ***prior to* a vote being taken on a dues increase**, and that the vote be taken by secret ballot (as opposed to show of hands, voice vote, division of the house, etc.). Did both of these happen?" (Pl.'s Opp. Summ. J. Ex. C) (emphasis added). Defendant has not submitted any evidence of record to demonstrate that it did. Instead, the record before the court demonstrates that both of these things did *not* happen.

Defendant has submitted two notices regarding the dues increase of February 2015 as exhibits in support of its Motion. However, review of these notices clearly demonstrates that they were issued to Union members *retroactively*. Specifically, Exhibit E is a letter to Union members dated March 11, 2015 and speaks to the secret ballot vote that was conducted on February 19, 2015. Exhibit F is a letter to Union members notifying them that there would be a vote on November 19, 2015 to "confirm" the dues increase already passed on February 19, 2015. Neither of these exhibits refutes Plaintiff's claim that notice was not given prior to the February 2015 vote. Instead, these three pieces of evidence clearly demonstrate that reasonable notice was not provided to Union members in accordance with the LMRDA prior to the vote on the dues increase. As such, Defendant's Motion for Summary Judgment on Count II of Plaintiff's Fourth Amended Complaint shall be denied.

### iii. Grant of Summary Judgment *Sua Sponte*

As referenced above, Plaintiff herein is proceeding *pro se*. Although he responded to Defendant's Motion for Summary Judgment, Plaintiff did not file a cross motion for same. It is well settled that:

> District courts may grant summary judgment *sua sponte* in appropriate circumstances. A court may not enter judgment, however, without first placing the adversarial party on notice that the court is considering a *sua sponte* summary judgment motion and providing that party an opportunity to present relevant evidence in opposition to that motion. **Notice is satisfied if the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward. Courts have recognized an exception to the notice requirement in cases where summary judgment is granted sua sponte where the following conditions are present: (1) the point at issue is purely legal; (2) the record was fully developed; and (3) the failure to give notice does not prejudice the party.** Courts, however, have not yet decided whether a *sua sponte* grant of summary judgment would be appropriate in a case where some but not all three conditions are present.

*Donnell v. Corr. Health Servs.*, 405 F. App'x 617, 619 (3d Cir. 2010) (emphasis added).

In this case, all three conditions have been met for this Court to grant summary judgment *sua sponte* in favor of Plaintiff on Count II (notice under LRMDA) of his Fourth Amended Complaint. Discovery was completed more than a year ago. To the extent relevant portions of that discovery were attached as exhibits to the parties' respective filings regarding summary judgment, this Court is able to make a legal determination that proper notice of the February 2015 dues increase was <u>not</u> given. Review of the dockets in this matter clearly demonstrates that any further notice to Defendant is not necessary to prevent any potential prejudice, as—at this point—there is nothing more to be added to this assessment by either party. Accordingly, summary judgment shall be granted in favor of Plaintiff regarding his claim of lack of notice.

### D. Punitive Damages

Although the instant Motion is titled as one for dismissal or alternatively, for summary judgment, Defendant seeks to have Plaintiff's request for punitive damages stricken. In support of same, Defendant asks this Court to refer to its July 5, 2016 brief regarding a previously-disposed of motion. (ECF No.62-1 at 15.) As Defendant correctly notes, this Court previously denied Defendant's Motion to Strike Plaintiff's demand for punitive damages. (Mem. 16-17, ECF No. 66.) However, Defendant now contends relief is appropriate because "the parties have had the opportunity to conduct discovery and further develop their cases" in the two years following this Court's denial of Defendant's previous Motion. (Def.'s Br. Supp. Summ. J. 18.) This Court agrees that Plaintiff's request for punitive damages cannot be sustained, but shall dismiss same pursuant to Fed.R.Civ.P. 56, as opposed to striking the request pursuant to Fed.R.Civ.P. 12(f).

In another matter involving a postal worker's claims of violations of the LMDA by the American Postal Workers Union, the District Court for the Northern District of Illinois recognized:

> [P]unitive damages are awarded in LMRDA cases only where the Union acted with ill will or reckless disregard for the plaintiff's interests. Thus, to merit such an award, plaintiff must show that: (1) in retaliating against the plaintiff, the Union acted willfully or with reckless disregard for the plaintiff's interests; and (2) the Union conduct was egregious or the harm it inflicted was severe.

*Salmanis v. American Postal Workers Union*, Case No. 00 C 19187, 2001 U.S. Dist. LEXIS 2304, at *34-35 (N.D. Ill. 2001) (internal citations and quotation marks omitted); *see also Hrometz v. Local 550 Int'l Ass'n of Bridge, Constr. & Ornamental Iron Workers,* 135 F. App'x 787, 791 (6th Cir. 2005) (recognizing "[p]unitive damages are also allowed under the LMDRA only upon a showing of a defendant's malice or reckless or wanton indifference to a plaintiff's

rights" and granting summary judgment on this issue because allegations of "harassment and intimidation from Union members" were not substantiated by any evidence of record) (internal citations and quotation marks omitted).

Defendant herein argues "Plaintiff is unable to demonstrate the Union acted with actual malice or reckless indifference." (Def.'s Br. Supp. Mot. Dismiss 19.) In fact, Plaintiff has provided absolutely no evidence of record to demonstrate same, therefore summary judgment shall be entered in favor of Defendant on this issue.

## V. CONCLUSION

For the reasons set forth herein, Defendant APWU Local's Motion for Summary Judgment shall be granted as to Count I of Plaintiff's Fourth Amended Complaint, as well as to the issue of punitive damages. Defendant's Motion for Summary Judgment shall be denied as to Count II of the Complaint and shall be granted in favor of Plaintiff as to said Count.

An appropriate Order follows.

BY THE COURT:


/s/ C. Darnell Jones, II     J.